### NEW CENT. COAL CO. v. CUMINGS.

(Supreme Court, General Term, First Department. November 18, 1892.)

NEGOTIABLE INSTRUMENTS—ACTIONS—ACCOMMODATION INDORSER.

In an action against an accommodation indorser of a note given to raise money to settle with the creditors of an insolvent, it appeared that L., president of plaintiff company, which was a creditor, undertook to effect a composition. and the note was delivered to him, with the understanding that when paid the proceeds should be applied by him to the claim of the creditors assenting to the composition. L. thereupon gave the attorney for the insolvent a check for the amount of the note, and the attorney gave L. checks for the shares of the assenting creditors, and retained the balance to pay the nonassenting creditors in full. L. then collected such checks through plaintiff, and delivered the note to plaintiff. *Held* that, as the only obligation on

L. was to pay the claims of the assenting creditors when the note should be paid, the transfer of the note to plaintiff was not a diversion from its intended use, and plaintiff was entitled to recover.

Appeal from circuit court, New York county.

Action by the New Central Coal Company against Joseph Cumings, as indorser of a promissory note. From a judgment entered upon a verdict directed by the court, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

A. G. N. Vermilya, for appellant.

De Forest & Weeks, (Geo. Holmes, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover against the defendant as indorser of a promissory note. The answer alleged that the indorsement was made wholly without consideration, and merely for the accommodation of a previous indorser, all of which facts the plaintiff knew before it received the same, and denied that the plaintiff was a holder for value. The evidence in the case showed that in March, 1890, the firm of Stewart, Winslow & Co. were insolvent, and offered to compromise with their creditors by paying 50 cents on the dollar,—25 cents in cash and 25 cents in notes. One Henry S. Little, the president of the plaintiff, one of the creditors, undertook to get the signature of the creditors to the compromise agreement, but all the creditors would not sign such agreement. The sum required to pay all creditors was $5,000. To raise this money the note in question was made, all the indorsements being upon it before its delivery, the defendant Cumings indorsing it to give it strength. The note in question was delivered to Little with the understanding that, when it was paid or collected, he should use the fund to pay the respective creditors who had signed the composition their respective shares. The creditors who had not signed were, however, to be paid at once in full. Little thereupon gave to the attorney for Winslow & Co. a check for $5,000, which was duly paid, and such attorney gave to Little a series of checks to the order of the creditors, signing the composition deed for said Little, said attorney retaining the amount necessary for the payment of creditors who did not sign such composition. These checks received from the attorney Little duly collected through the plaintiff, and the note for $5,000, being the note in question, he also transferred to the plaintiff, and this action was brought to recover the same; and upon the foregoing facts a verdict was directed in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken. It is claimed upon the part of the defendant that Little held this note in a quasi trust capacity, and that he had no power to transfer it to the plaintiff, and that such transfer was a diversion of the note from its intended use, and, the defendant being an accommodation indorser, no recovery could be had. But upon an examination of the case it will appear that, in all that Little did in this respect, he was acting on behalf of the plaintiff, who was a creditor of Winslow & Co., and that the only legal obligation that he was under was when the note was paid or collected to pay the

money to the creditors signing the composition deed, and not before. Clearly, under these circumstances, the note could be collected by Little or any person to whom he might transfer the same, it having been given expressly to secure the payment of the creditors who signed the composition deed. In fact, Little has advanced the money to pay the creditors who did not sign the compromise out of his own pocket, upon the faith of this note; and now it is sought not only to defraud the creditors who signed the compromise out of that which had been promised them, but also to prevent Little, who advanced this money to pay the nonsigning creditors, from recovering that which he has actually advanced. It is apparent, therefore, that the right of recovery exists, and that the judgment should be affirmed, with costs. All concur.